CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 1 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| TIMOTHY ALAN CRAIG,<br>**Plaintiff,** | ) ) ) | **Case No. 5:04cv00104** |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| TIMOTHY A. ROBERTSON,<br>and<br>ENOVATION GRAPHIC SYSTEMS, INC.,<br>**Defendants.** | ) ) ) ) | **BY: Samuel G. Wilson**<br>**United States District Judge** |

This matter is before the court on the defendants' motion in limine to limit plaintiff's medical bills to the amount paid by Medicaid and to exclude those amounts "written off" by the health care providers. Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446, and the court has diversity jurisdiction under 28 U.S.C. § 1332. The court finds that under Virginia law, Medicaid benefits, including those medical expenses written off by the provider, are benefits from a collateral source and cannot be deducted from the plaintiff's damages claim. The court therefore denies the defendants' motion.

## I.

This action arose from an October, 2003 motor vehicle accident in Augusta County, Virginia. Defendant Timothy Robertson, an employee of Enovation Graphic Systems, Inc., was driving an Enovation delivery truck when he collided with a dump truck in which plaintiff Timothy Craig was a passenger. Craig received treatment for his resulting injuries at Augusta Medical Center and University of Virginia Medical Center, and he also received home health aid assistance.

Craig claims $167,668.83 in medical bills. Medicaid paid $67,581.13 to his medical providers as full and final payment.[1] Craig now seeks to admit the entire amount charged as evidence of his damages.

## II.

The defendants contend that Craig has not actually incurred the medical expenses written off by the providers, and therefore he should not be permitted to introduce evidence of medical bills in excess of the amount paid by Medicaid. Craig counters that under Virginia law Medicaid payments, including written-off expenses, are a gratuitous benefit subject to the collateral source rule. Although the Virginia Supreme Court has not expressly determined that Medicaid payments are a collateral source, the court finds that recent decisions of that court establish that Medicaid payments should be subject to the collateral source rule.

Under Virginia law, "compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes." Schickling v. Aspinall, 369 S.E. 2d 172, 174 (Va. 1988). In Acuar v. Letourneau, the Virginia Supreme Court held that those portions of medical expenses written off by health care providers are "benefits from a collateral source that cannot be used to reduce the amount of damages owed by a tortfeasor." 531 S.E.2d 316, 322 (Va. 2000). The court noted that "the focal point of the collateral source rule is not whether an injured party has 'incurred' certain medical expenses." Id. Rather, the appropriate focus is on whether the benefit received is from a collateral source. Id. The Acuar court reasoned that the written-off expenses should be treated as

---

[1]Under Virginia law, Craig cannot be held liable for the difference in the amount of medical expenses billed and the amount paid by Medicaid. Va. Code § 32.1-317.

Case 5:04-cv-00104-SGW-BWC    Document 22    Filed 04/21/05    Page 2 of 4    Pageid#: 113

part of the benefits of the contractual relationship between the injured party and his insurer, noting that "those amounts written off are as much of a benefit for which [the plaintiff] paid consideration as are the actual cash payments made by his health insurance carrier to the health care providers." Id.

While the benefits at issue in Acuar arose from a contractual arrangement between the injured party and his insurer, subsequent decisions uphold the plaintiff's argument that, in Virginia, gratuitous benefits or benefits provided by law are also subject to the collateral source rule. In Bullard v. Alfonso, the Virginia Supreme Court held that gratuitous compensation paid by an employer to a disabled employee was not admissible under the collateral source rule to reduce the employee's claim for lost wages. 595 S.E.2d 284, 287 (Va. 2004). In so deciding, the Court quoted with approval the Restatement (Second) of Torts, § 920A (1979), which states, "[i]f the benefit was a gift to the plaintiff from a third party or established for him by law, he should not be deprived of the advantage that it confers." Id. at 286-87.[2]

The court finds that, although Craig did not bargain for the benefits provided by Medicaid, under Virginia law the payments made by Medicaid to the health care providers as well as the amounts written off by the health care providers are gratuitous benefits "established

---

[2]The plaintiff relies on McAmis v. Wallace, 980 F. Supp. 181 (W.D.Va. 1997) for its contention that the written-off expenses are not subject to the collateral source rule. The court finds that the rationale of McAmis is no longer valid under Virginia law. In McAmis, the court determined that because the plaintiff did not actually incur the written-off medical expenses, those fees could not be included in her calculation of damages. However, the Acuar decision contradicts this conclusion, expressly holding that written-off expenses are a benefit provided by a collateral source. In addition, the court in McAmis focused on the fact that the plaintiff had not bargained for her Medicaid benefits. However, more recent Virginia Supreme Court decisions, as outlined within, uphold the contention that the collateral source rule in Virginia is not limited to contractual benefits.

3

by law" and are subject to the collateral source rule. This decision comports with what the court views as the general trend in Virginia law. See Bullard, 595 S.E. 2d at 287 (noting that courts have applied the collateral source rule to social security benefits, public and private pension payments, unemployment and worker's compensation benefits, vacation and sick leave allowances, and other contractual and gratuitous payments). In addition, although this decision may afford Craig a windfall, the law "favors the victim of the wrong, rather than the wrongdoer." Id. at 288.

## III.

For the reasons stated, Craig is permitted to submit evidence of those medical expenses paid by Medicaid, as well as those expenses written off by healthcare providers. Defendants' motion in limine to exclude evidence of those expenses is denied.

ENTER: This 21st day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

4